## SAM JOHNSON v. RICHARD J. SHANNON.

**Vendor and Purchaser—Assignment of Title Bond—Liability of Assignor.**
   The assignor of a bond for title is not liable thereon, until the assignee
has by due diligence prosecuted a suit against the obligor in the bond,
or his representative and has failed to procure a conveyance.

**Contracts—Reformation—Mistakes.**
   In order to confer power on a chancellor to reform a contract, there
must be fraud or mistake, and the one or the other must be charged.

**Fraud—Allegations of in Petition.**
   A charge in a petition for reformation of a contract "that some of the
terms of the contract were omitted" is not sufficient allegation of fraud
or mistake.

**Trial—Sufficiency of Summons.**
   In case where a summons is served 20 days before the commencement
of the term at which a judgment is rendered, held that plaintiff was
justly entitled to a trial, unless there was an issue of fact made by the
pleadings.

APPEAL FROM FRANKLIN CIRCUIT COURT.

June 17, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

It is admitted in the answer that Joseph Waits had the legal
title to the land when he sold it by executory contract to John
Gahle, who sold to Shannon and assigned to him the bonds of
Waits, and he assigned said bond to appellant; whereby he was
invested with the legal title to the bond, and before he can make
his assignor responsible, he must show that he has with due
diligence prosecuted a suit against the obligor in the bond,
or his representatives, and has failed to procure a conveyance, or
that his estate is insolvent; or that his assignor committed a fraud
in making the sale to him.

The answer contains no such averments.

Whether or not that part of the contract which as is said in the

answer was omitted, was intended to be inserted as a part of the assignment on the bond is not alleged. But in order to confer power on the chancellor to reform a contract, there must be fraud or mistake, and the one or the other must be charged, which is not done in the answer in this case. To say that "some of the terms of the contract were *omitted*" is not an allegation of fraud, or mistake; they might have been omitted by design; the parties may never have intended that they should have been inserted, and still all that is averred in the answer on that subject be true.

The 1st paragraph of the answer presented no issue of fact, and the demurrer having been properly sustained, it was out of the case; and nothing was left except the 2nd paragraph, which only presented a partial defense, and claimed a credit for $25.00. Judgment was rendered for so much of the demand as was not contested, and the action was continued as to the residue.

By section 395 Civil Code, the plaintiff is entitled to a trial in actions by equitable proceedings at the first term after the summons has been served on all the defendants, as provided in section 137, where no issue of fact is made by the pleadings, or where the plaintiff consents that the statements of the answer may be taken as true.

In this case, the summons was served more than 20 days before the commencement of the term at which the judgment was rendered in the county in which the action was brought, and under section 137, Civil Code, appellee was entitled to a trial, unless there was an issue of fact made by the pleading.

To the extent that an issue of fact was made, the cause was continued; and for so much as no issue of fact was made, judgment was rendered—which we think was a compliance with the spirit and meaning of the sections of the Code *supra*.

Wherefore, the judgment is affirmed.

*Scott,* for appellant.

*James,* for appellee.